

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
MARCIA GOLDSON, et al., :
                 Plaintiffs, :
: MEMORANDUM DECISION
      -against- : AND ORDER
: 13 Civ. 2747 (GBD)(FM)
KRAL, CLERKIN, REDMOND, RYAN, PERRY & :
VAN ETTEN, LLP, :
                 Defendant. :
------------------------------------- x
GEORGE B. DANIELS, District Judge:

    *Pro se* plaintiff Marcia Goldson brings this employment discrimination suit against Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP, the law firm where she formerly worked as a paralegal. Plaintiff alleges that Defendant discriminated against her and ultimately terminated her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-97, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101-31. Defendant moves to dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant first alleges that Plaintiff lacks standing to bring her claims because she failed to disclose them in her bankruptcy proceeding and is barred from pursuing them by the doctrine of judicial estoppel. Second, Defendant argues that the Court lacks subject matter jurisdiction to decide Plaintiff's state law claims pursuant to the doctrine of election of remedies. This Court referred the matter to Magistrate Judge Frank Maas for his Report and Recommendation.[1] The Amended Report

---

[1] Judge Maas previously issued a Report and Recommendation granting Defendant's motion to dismiss, but affording the trustee of Plaintiff's bankruptcy estate ninety days to restore the federal claims should he wish to pursue them. *See* ECF No. 33. Plaintiff objected to the Report. *See* ECF No. 35; *see also* ECF No. 38

recommends that Defendant's motion to dismiss be denied as to Plaintiff's federal law claims, and granted as to her state law claims. *See* Amended Report at 16.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Amended Report. 28 U.S.C. § 636(b)(1). When there are objections to a magistrate judge's report and recommendation, the Court must make a *de novo* determination of those portions of the report to which objections are made. *Id.* The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Maas advised the parties that failure to file timely objections to the Amended Report would constitute a waiver of those objections. *See* Amended Report at 17; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendant objected to the Amended Report arguing that Plaintiff lacks standing to bring her claims because she failed to disclose them in her bankruptcy proceeding and is barred from pursuing them by the doctrine of judicial estoppel.

---

(Defendant's brief in opposition to Plaintiff's objections to the Report); ECF No. 40 (Plaintiff's response to Defendant's brief in opposition to Plaintiff's objections to the Report). The Trustee wrote this Court a letter explaining: "[A]s it may assist the Court to know the Trustee's position in this matter, I do not intend to pursue this because pursuant to § 1303 of the Bankruptcy Code, I believe the Debtor, Ms. Goldson, has the power to pursue the claims, exclusive of the Trustee." Letter from Charles J. DeHart, III, dated May 30, 2014. This Court recommitted the matter to the Magistrate Judge to consider the position of the Trustee. Magistrate Judge Maas issued the Amended Report & Recommendation ("Amended Report"). ECF No. 42. This Opinion constitutes this Court's adoption of the Amended Report.

*See* ECF No. 45. Plaintiff filed no objections. This Court considers those issues raised in Defendant's objections and reviews *de novo* Defendant's argument regarding judicial estoppel.

The Amended Report correctly determined that Plaintiff's claims are the property of the bankruptcy estate, and that Plaintiff nevertheless has standing to bring them. *See* Amended Report at 7-10. Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code. *See In re Goldson*, No. 5:11-bk-00359 (RNO), ECF No. 1 (Bankr. M.D. Pa.). In bankruptcies under Chapter 13, property "that the debtor acquires after the commencement of the [bankruptcy] case but before the case is closed, dismissed, or converted" becomes property of the estate. *In re Furgeson*, 263 B.R. 28, 34 (N.D.N.Y. 2001) (quoting 11 U.S.C. § 1306). Plaintiff's bankruptcy plan expressly provides that "[p]roperty of the estate will vest in the Debtor upon closing of the case." *In re Goldson*, ECF No. 65 ¶ 6. Therefore, because Plaintiff's bankruptcy case remains open, the property of the bankruptcy estate—including her claims in this suit—remains with the estate. As the Amended Report explains, Plaintiff, as a Chapter 13 debtor, has standing to bring her claims, regardless of the fact that her claims are the property of the bankruptcy estate. *See Olick v. Parker & Parsley Petrol. Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998) ("[A] Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action that are not part of a case under title 11.") (citation omitted).

The Amended Report also correctly found that the doctrine of judicial estoppel does not apply in this case. *See* Amended Report at 10-14. Judicial estoppel can be used to bar debtors who have failed to disclose their claims in the bankruptcy court from bringing those claims. *See, e.g., Amash v. Home Depot U.S.A., Inc.*, 1:12-CV-837, 2013 WL 6592205, at *4 (N.D.N.Y. Dec. 16, 2013) (citing similar cases). An adversary "invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding

3

and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (internal citations omitted). Unlike in cases where courts have applied judicial estoppel, the bankruptcy court here did not adopt Plaintiff's inconsistent position that she had no claims. For example, there was no judgment approving Plaintiff's bankruptcy plan or discharging her debts. *See, e.g., Rosenshein v. Kleban*, 918 F. Supp. 98, 104-05 (S.D.N.Y. 1996) (finding an adoption where the court had approved debtor's reorganization plan and discharge of debts). Because the bankruptcy court did not adopt Plaintiff's prior nondisclosure of her claims against Defendant, Plaintiff can still amend her disclosures to the bankruptcy court to include these claims.[2] Therefore, judicial estoppel does not bar Plaintiff's claims, even though she originally failed to disclose them.

Finally, the Amended Report correctly held that Plaintiff's New York State law claims are barred by the election of remedies doctrine.[3] *See* Amended Report at 14-16. New York Executive Law Section 297(9) states that an individual may seek relief for unlawful discrimination "either from a court of appropriate jurisdiction or from the New York State Division of Human Rights or any local commission on human rights, but not both." *Lennon v. New York City*, 392 F. Supp. 2d 630, 640-41 (S.D.N.Y. 2005) (internal citations and brackets omitted). Section 297(9) also deprives federal courts of jurisdiction when a plaintiff such as Goldson has first raised her state law discrimination claims before the Division of Human

---

[2] In fact, Plaintiff disclosed her claim in the instant action after the first Report and Recommendation was filed. *See In re Goldson*, ECF No. 99 (filed June 2, 2014)

[3] Although Defendant raised its election of remedies argument for the first time in its reply, the Report correctly considered it because (1) it is jurisdictional; and (2) Plaintiff had an opportunity to respond to Defendant's argument in her opposition to Defendant's original motion to dismiss. *See* Report at 14-16; Opp'n to Mot. to Dismiss, ECF No. 19; *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (requiring courts to consider, *sua sponte*, issues relating to subject matter jurisdiction that the parties failed to present); *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, No. 10-cv-2843, 2010 WL 3310262, at *4 (E.D.N.Y. Aug. 19, 2010) (exercising discretion to consider arguments raised on reply because the other party "would suffer no unfair prejudice").

4

Rights. *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 n.3 (2d Cir. 2010) (finding that a New York state law that divests the state's courts of jurisdiction "also operates to divest a federal court of jurisdiction to decide the claim"). Thus, this Court has no jurisdiction to hear Plaintiff's NYSHRL or NYCHRL claims, and those claims are dismissed.

## Conclusion

Defendant's motion to dismiss Plaintiff's complaint is DENIED as to Plaintiff's federal law claims, and GRANTED as to Plaintiff's state law claims.

Dated: New York, New York
August 13, 2014

SO ORDERED:

George B. Daniels
GEORGE B. DANIELS
United States District Judge

5